UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4902

WARREN ALLEN HEMPHILL,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-328)

Submitted: June 19, 2002

Decided: July 12, 2002

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

On April 24, 2001, Warren Allen Hemphill was convicted by a jury of bank robbery with a dangerous weapon, in violation of 18 U.S.C.A. § 2113(d) (West 2000). Hemphill was subsequently sentenced to seventy-two months' imprisonment.

Hemphill's counsel on appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he is not aware of any meritorious basis for appeal. In his *Anders* brief, counsel for Hemphill addresses the issue of the admissibility of a document found in Hemphill's BMW, because the handwriting on the paper was not shown to be Hemphill's.

Hemphill has also filed a supplemental pro se brief raising eight separate claims of ineffective assistance of counsel: (1) defense counsel refused to investigate constitutional violations; (2) defense counsel failed to consult with defendant concerning critical decisions, contrary to his instructions; (3) defense counsel failed to timely file motions to exclude evidence and prejudicial testimony; (4) defense counsel conducted hostile interviews with Hemphill; (5) defense counsel falsely reported to Hemphill his alibi witnesses' responses from interviews with them; (6) defense counsel denied Hemphill's requests to view *Brady* material; (7) defense counsel convinced him not to testify on his own behalf; and (8) defense counsel avoided personal contact and phone calls with him.

The decision to admit evidence is reviewed on appeal for an abuse of discretion. *United States v. Eillis*, 121 F.3d 908, 926 (4th Cir. 1997).

Under the Federal Rules of Evidence, authentication as a condition precedent to admissibility is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Exhibits can be authenticated using circumstantial evidence. *United States v. Clark*, 649 F.2d 534, 542 (7th

Cir. 1981). The prosecution must merely show that there is a rational basis by which a jury could infer that it belonged to the defendant. *United States v. Natale*, 526 F.2d 1160, 1173 (2d Cir. 1975). Here, there was sufficient circumstantial evidence to find that the paper belonged to Hemphill. Government witnesses testified that it was found inside his briefcase in the trunk of his BMW along with U.S. currency, cleaning supplies, and disposable gloves. Therefore it was not an abuse of discretion to admit the document into evidence.

Regarding Hemphill's claims on appeal that he received ineffective assistance of counsel, such claims are generally not cognizable on direct appeal. To allow for adequate development of a record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion unless the record conclusively establishes ineffective assistance. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To succeed on a claim of ineffective assistance of counsel, a defendant must show his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Because the record does not conclusively show ineffective assistance of counsel, we decline to entertain Hemphill's claims on direct appeal.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Hemphill's conviction and sentence.\* This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

\*We also deny Hemphill's motion to relieve his attorney.